Aaron B. Clark (15404)
Trinity Jordan (15875)
**DENTONS DURHAM JONES PINEGAR**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84101
Telephone: (801) 415-3000
Email: aaron.clark@dentons.com
       trinity.jordan@dentons.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| MATHEW SHAW and BROOKE SHAW, <br><br> Plaintiffs, <br><br> v. <br><br> JULIUS MWALE and KAILA MWALE, <br><br> Defendants. | *EX PARTE* **MOTION FOR ALTERNATIVE SERVICE** <br><br> Case No. 1:24-cv-00122 <br><br> Judge Ann Marie McIff Allen <br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Mathew Shaw and Brooke Shaw (collectively "**Plaintiffs**" or the "**Shaws**"), by and through counsel of record, hereby file their *Ex Parte* Motion for Alternative Service of the Complaint against Defendants Julius and Kaila Mwale (collectively "**Defendants**" or the "**Mwales**"), and state as follows:

### INTRODUCTION

Rule 4 of the Federal Rules of Civil Procedure provides that service of process may be effectuated by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.

R. Civ. P. 4(e)(1). Utah State law allows a Court to order alternative service "if service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service," and the party attempting to serve the person "may file a motion supported by affidavit requesting an order allowing service by publication or by some other means." Utah R. Civ. P. 4(d)(5)(A).

Here, the Shaws have used reasonable diligence to serve Defendants with the Summons and Complaint by traditional means at their last known address, but they have been unsuccessful because the Defendants are evading service at their gated private residence that is only accessible via an intercom system. Further, Defendants have actual knowledge of the present action, as the Shaws have sent the Complaint to Defendants' counsel and published the Complaint on a public website known to Defendants – their counsel attempted to use service as leverage for the Shaws to take down the website, claiming that it has caused Defendants to lose investors. Alternate service is therefore proper and, while Defendants already have notice of the present action, it will give them an opportunity to respond.

## RELIEF REQUESTED

Plaintiffs request that they be given permission to serve the Defendants by sending a copy of the Complaint and Summons via pre-paid U.S. First-Class Mail to Defendants' last known home address and via email to Julius Mwale at [Julius@mmtc.life](mailto:Julius@mmtc.life), the email address on his business card, and Kaila Mwale at [mjweiss@weissandassociatespc.com](mailto:mjweiss@weissandassociatespc.com), the email address of her attorney Matthew Weiss, with whom Kaila is currently in contact. Additionally, Plaintiffs request that the Court Order the Defendants to pay for the cost and expense of service, including the attorneys' fees in filing this Motion.

## RELEVANT FACTS

1. Plaintiffs filed their Complaint against Defendants on July 19, 2024 (the "**Complaint**").

2. The Complaint stems from allegations of fraud and thereafter a failed payment under a Loan Modification Agreement and the corresponding Affidavits for Judgment by Confession for Money Due signed by Defendants.

3. Attorney Matthew Weiss, a New York attorney, represented Kaila Mwale in the negotiation of the Loan Modification Agreement, and also facilitated the signature of Julius Mwale on the related Release Agreement. During these negotiations, and up through the present, Mr. Weiss and Aaron Clark, counsel for the Shaws, communicated via email on numerous occasions, with Mr. Weiss using the email address mjweiss@weissandassociatespc.com. See Declaration of Aaron Clark, attached hereto as Exhibit A, ¶¶ 4-5.

4. On July 19, 2024, the same day the Complaint was filed, Mr. Clark emailed a courtesy copy of the Complaint to Mr. Weiss and asked whether Mr. Weiss would accept service for the Defendants. In his reply email, Mr. Weiss acknowledged receipt of the Complaint, but he explained that he was not authorized to accept service, though he would "discuss with my client and let you know if that changes." See email exchange, attached hereto as Exhibit B.

5. As described in the Complaint, the Shaws visited the Defendants at their primary residence on multiple occasions. The address for that residence is 10 Serenity Lane, Alamo, California 94507 (the "**Alamo residence**").

6. The Shaws hired Aboingo Services ("**Process Server**") to serve process on Defendants at the Alamo Residence. Exhibit A, ¶ 9.

7. On Saturday, July 27, the Process Server attempted service on both Kaila and Julius at the Alamo residence. The Process Server noted that the property is a gated property that is only able to be reached via an intercom system, and further noted that the home is not visible from the gate. The Process Server rang the intercom with no response. See Affidavits of Reasonable Diligence, attached hereto as Exhibit C.

8. The Process Server attempted service on Defendant again on July 29, August 1, August 3, and August 8 at the Alamo Residence, but no one answered the intercom. These attempts were at various times of day and on various days of the week. The Process Server also waited around to see if anyone was coming or going from the residence but did not see anyone. See Exhibit C.

9. In a telephone conversation with Mr. Clark on Monday, August 12, 2024, Mr. Weiss, attorney for Kaila, offered to make someone available to accept service of the Complaint at the Alamo residence on Friday, August 16, 2024, if the Shaws would take down their website (www.juliusmwale.com) that publicly publishes a copy of the Complaint. Mr. Weiss claimed that the Mwales have already lost $5 million in business from the Shaws having published the website with the Complaint. When counsel tried to clarify with Mr. Weiss whether he also represented Julius, Mr. Weiss said that he still only represents Kaila, but Julius had "given [him] authority to negotiate on his [Julius's] behalf" for purposes of offering to accept service if the Shaws took down the website. The Shaws declined the offer. Exhibit A, ¶ 10.

10. Julius Mwale gave Mathew Shaw his business card, and his email address listed on the card is Julius@mmtc.life. See Exhibit D.

4

# ARGUMENT

## I. Substituted Service is Warranted as the Shaws Have Made Reasonable Efforts and Defendants are Evading Service.

The Shaws respectfully request this Court to enter an order allowing for alternative service of the Summons and Complaint upon Defendants, as the Shaws have been reasonably diligent in their attempts to serve Defendants, who are apparently evading service of process.

Fed. R. Civ. P. 4 states that service of process may be effectuated by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Utah State law allows a Court to order alternative service where service is "impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process[.]" Utah R. Civ. P. 4(d)(4)(A).

The party attempting to serve the person "may file a motion supported by affidavit requesting an order allowing service by publication or by some other means." *Id*. The state rule requires that the supporting affidavit "set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties." *Id*.

The Utah Supreme Court has imposed a "reasonable diligence standard" on parties seeking a court order for alternative service. *Jackson Const. Co. v. Marrs*, 2004 UT 89, ¶ 18, 100 P.3d 1211. The Court stated that:

> The reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance. . . . The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

5

*Id*. ¶ 19 (internal quotations and citations omitted). Moreover, "[t]o meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information." *Id*. ¶ 20. In other words, "[t]he diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived." *Bonneville Billing v. Whatley*, 949 P.2d 768, 775 (Utah Ct. App. 1997).

This court has granted alternate service where the defendant "has actual knowledge of the pending action and is willfully attempting to avoid service." *Beesley v. Brinton*, No. 2:17-CV-000735, 2017 WL 11591114, at *1 (D. Utah Aug. 30, 2017).

Here, the Shaws have diligently attempted to serve Defendants on multiple separate occasions at their last known address – the Alamo residence. See Exhibit C. However, Defendants are able to ignore service attempts and deny access to the Alamo residence by virtue of their gate and intercom system, making any future attempts to personally serve them at this address futile. Further, it is likely that Defendants still live at the Alamo residence and are not out of town, as evidenced by Mr. Weiss's offer to make someone available to accept service at the Alamo residence on Friday, August 16, 2024 (but only if Defendants receive something in return). Exhibit A, ¶ 10.

Furthermore, Defendants have actual knowledge of the pending action. The Shaws' counsel emailed a courtesy copy of the Complaint to Mr. Weiss, counsel for Kaila Mwale and representative authorized by Julius Mwale to negotiate on his behalf. See Exhibit A, ¶¶ 7, 10, and Exhibit B. Mr. Weiss acknowledged receipt of the Complaint but declined to accept service. Exhibit B. Defendants are also aware of the Shaws' website www.juliusmwale.com that has the Complaint in its entirety, as their counsel has attempted to use service as leverage for the Shaws to take down the website, claiming that it has caused Defendants to lose money. See Exhibit A, ¶

10. Given this actual knowledge, Defendants will not be prejudiced by service through alternative means.

It is clear that the Defendants know that they are the subject of this litigation but are attempting to avoid the Shaws' reasonable attempts at service, and thus it would be fitting to allow alternative service.

## II. Plaintiffs' Proposed Method of Service Will Apprise Defendants of the Action.

When granting a motion for alternative service, "a court will order service of the summons and complaint by means reasonably calculated, under all circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B). The U.S. Constitution "does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Louis Dreyfus Commodities Suisse, SA v. Fin. Software Sys.*, 703 F. App'x 79, 84 (3d Cir. 2017) (*quoting Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002)). "Service of process via email is an approved method of alternate service." *Beesley v. Brinton*, No. 2:17-CV-000735, 2017 WL 11591114, at *1 (D. Utah Aug. 30, 2017).

Plaintiffs request that the Court allow them to serve Defendants via pre-paid U.S. First-Class Mail to the Alamo residence and via email to Julius Mwale at Julius@mmtc.life, the email address on his business card, and Kaila Mwale at mjweiss@weissandassociatespc.com, the email address of her attorney, Mr. Weiss, with whom Kaila is currently in contact. Setting aside the fact that the Defendants are undoubtedly aware of this action, the proposed method of alternative service will provide notice to Defendants and give them an opportunity to respond. Considering the Defendants' evasive behavior, Plaintiffs request service be deemed complete upon mailing of

7

the hard copy and transmission of the emails, which Plaintiffs propose shall be accomplished on the same date, which date will be the date of service for purposes of calculating the appropriate response date.

### III. Plaintiffs Request Attorneys' Fees for Defendants' Bad Faith Evasion and Attempted Extortion of Service.

In addition to the powers granted to Courts via statute, Courts also have inherent equitable power to award reasonable attorney fees when it deems it appropriate in the interests of justice and equity, particularly "when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Stewart v. Utah Public Service Comm'n*, 885 P.2d 759, 782 (Utah 1994) (cleaned up) (quoting James W. Moore et al., Moore's Federal Practice ¶ 54.77 (2d ed. 1972)). Under the Utah rules for service of process, "[a]ll parties have a duty to avoid unnecessary expenses of serving the summons and complaint." Utah R. Civ. P. 4(d)(3)(A).

Here, the Defendants clearly know about the instant case and have repeatedly evaded service in bad faith. Further, Defendants attempted to extract concessions from the Shaws for making themselves available for service at their gated, publicly-inaccessible residence. The Shaws have incurred increased costs and fees associated with Mr. Weiss's refusal to accept service and the Shaws' multiple attempts to serve Defendants at the Alamo residence. Those expenses should not be borne by the Shaws, nor should the Shaws be required to bear the expense of filing this Motion. Because the Defendants have acted in bath faith, knowing the existence of the Summons and Complaint yet vexatiously evading numerous attempts at service and attempting to extort the Shaws in exchange for accepting service, Defendants should be required to pay for the Shaws' attorneys' fees and expenses.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant them permission to serve Defendants Julius Mwale and Kaila Mwale by (1) mailing a copy of the Summons and Complaint to the Alamo residence, and (2) emailing the Summons and Complaint to Julius Mwale and Matthew Weiss, and request that the Court order the Defendants to pay for the cost and expense of serving the Complaint and Summons and filing the instant Motion, including Plaintiffs' attorneys' fees.

Dated: August 21, 2024.

**DENTONS DURHAM JONES PINEGAR**

/s/ *Aaron B. Clark*
Aaron B. Clark
Trinity Jordan

*Attorneys for Plaintiffs*