EXHIBIT 4

## LOAN MODIFICATION AGREEMENT

THIS LOAN MODIFICATION AGREEMENT (hereinafter referred to as "Agreement") is made by and between MATHEW SHAW (referred to as "Creditor"), on the one hand, and KAILA MWALE (referred to as "Debtor"), on the other hand.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████

███████████████████████████████████

██████████████████

███████████████████████████████████

██████████████

███████████████████████████████████

████████████

WHEREAS Creditor and his spouse have alleged certain claims against the Debtor and her spouse in a draft Complaint, dated April 17, 2023, prepared for filing in the United States District Court for the Utah District, Central Division, in a proposed action entitled, SHAW v. MWALE (the "Proposed Action"), including, inter alia, claims of fraud and unjust enrichment;

███████████████████████████████████

█████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████

███████████████████████████████

1.    <u>Definitions</u>: For purposes of this Agreement, the following definitions shall apply:

(a)    The term "Creditor" shall refer to the Creditor individually and any of his agents, successors, heirs, or assigns. Creditor

(b)    The term "Debtor" shall refer to the Debtor individually and any of her agents, successors, heirs, or assigns.

(c)    The term "Parties" refers collectively to Creditor and Debtor, as defined in subsections 1(a) and 1(b) above.

(d)    The term "Claims" is defined as any and all causes of action contained in the Proposed Action, as well as any other causes of action, promissory notes, debts, suits, sums of money, accounts, liabilities, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, obligations, taxes, costs and expenses, claims, or demands whatsoever vis-à-vis any and all Parties, in law or equity, which the Parties might now have, own or hold, or at any time heretofore ever had, owned, or held, or could, shall, or may have, own, or hold, whatsoever against the other Parties, upon or by reason of any matter, cause or thing, act or omission, or circumstance whatsoever, or any other claims, asserted benefits, or rights arising by or under contract or implied contract, tort, negligence, statute, or other legal or equitable theory of recovery, whether known or unknown, at any time prior to the date of this Agreement.



3.    <u>Settlement of Claims:</u>

(a)    In consideration for the promises and covenants set forth in this Agreement as well as those set forth in the contemporaneously executed Release Agreement, Confidentiality And Non-Disparagement Agreement and Domain Transfer Agreement (collectively the "Related Agreements"), the Parties hereto agree to settle the Claims as set forth herein.

(b)    Within seven (7) days of full execution of this Agreement, Creditor shall give his attorney Aaron Clark the original three Promissory Notes, the duly executed Shaw Release Agreement and duly executed Domain Transfer Agreement to be held by Armstrong Teasdale LLP in trust. Within seven (7) days of full execution of this Agreement, Debtor shall give her attorney Matthew Weiss the duly executed Mwale Release Agreement to be held by Weiss & Associates, PC in trust. Within seven (7) days of full execution of this Agreement, Debtor shall give (or arrange to give) to Creditor' counsel, Aaron Clark, the original, executed confessions of judgment in the

amounts of $302,543.30, dated July 31, 2023, $545,000, dated September 15, 2023, and $850,000, dated November 15, 2023, to be held in escrow by Mr. Clark (collectively the "Confessions of Judgment") under the terms set forth herein. Upon receipt of the original three Promissory Notes, the Shaw Release Agreement, the Domain Transfer Agreement and the three Confessions of Judgment, Aaron Clark shall confirm receipt to Debtor's counsel via email. The delivery of the Confessions of Judgment and other above documents to Attorney Aaron Clark and confirmation of same shall be material terms of this Agreement and a condition precedent to all obligations hereunder.

(c)     On or before April 28, 2023, Debtor shall pay or cause to be paid to Creditor the sum of Two Hundred Thousand ($200,000.00), said amount representing any and all interest due to Creditor. Except as set forth herein, Creditor waives and releases any right to receive any and all interest in connection with the monies loaned to Debtor.

(d)     On or before July 31, 2023, Debtor shall pay or cause to be paid to Creditor the sum of Three Hundred Two Thousand Five Hundred Forty-three and Three tenths ($302,543.30), which payment shall extinguish all rights of Creditor (including any right of repayment that may exist) under Promissory Note 3. Within one (1) week of payment of same, Attorney Aaron Clark shall deliver (or arrange to deliver) the original Promissory Note 3 and the $302,543.30 Confession of Judgment to Debtor's counsel. Failure to do so shall be a material breach of this Agreement and all of Debtor's obligations in this paragraph shall be suspended until same is returned to Debtor's counsel.

(e)     On or before September 15, 2023, Debtor shall pay or cause to be paid to Creditor the sum of Five Hundred Forty-Five Thousand ($545,000.00), which payment shall extinguish all rights of Creditor (including any right of repayment that may exist) under Promissory

Note 2. Within one (1) week of payment of same, Attorney Aaron Clark shall deliver (or arrange to deliver) the original Promissory Note 2, and the $545,000.00 Confession of Judgment to Debtor's counsel. Failure to do so shall be a material breach of this Agreement and all obligations of the Debtor in this paragraph shall be suspended until same is returned to Debtor's counsel.

(f)    On or before November 15, 2023, Debtor shall pay or cause to be paid to Creditor the sum of Eight Hundred Fifty Thousand ($850,000.00), which payment shall extinguish all rights of Creditor (including any right of repayment that may exist) under Promissory Note 1, said amount representing any and all principal due under Promissory Note 1. Within one (1) week of payment of same, Attorney Aaron Clark shall deliver (or arrange to deliver) the original Promissory Note 1, the $850,000.00 Confession of Judgment, the duly executed Shaw Release and the Domain Transfer Agreement to Debtor's counsel. Upon receipt of same, Debtor's counsel shall deliver (or arrange to delivery) the Mwale Release to Debtor's counsel. Failure to do so shall be a material breach of this Agreement and all obligations of the Debtor in this paragraph shall be suspended until same is returned to Debtor's counsel.

(g)    In the event Debtor fails to timely remit any payment required under this paragraph 3, Creditor shall provide Notice of same under paragraph 9 herein to Debtor and Debtor's counsel and, if said failure remains uncured for five (5) business days from transmission of said Notice, Creditor shall be considered in default of said payment, and Creditor's counsel may release the respective Confession of Judgment to Creditor, and Creditor may pursue enforcement of same.

███████████████████████████████████████████████████

████████████████████████████████████████████████████





8.    <u>Jurisdiction</u>: The substantive laws of the State of New York shall govern the validity, construction, enforcement, and interpretation of this Agreement and exclusive venue for any dispute between the parties shall be brought in the United States District Court for the Southern District of New York. Nothing herein shall be construed as any of the Debtor or her spouse consenting to personal jurisdiction in the State of Utah.



███████████████████████████████████████████████

████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████

_Mathew Shaw_
Mathew Shaw (Apr 27, 2023 21:37 GMT+2)                    Dated: Apr 27, 2023
_____

MATHEW SHAW


_____          Dated:

KAILA MWALE


_Aaron Clark_
Aaron Clark (Apr 27, 2023 13:59 MDT)                    Dated: Apr 27, 2023
_____

Aaron Clark
For escrow and confidentiality
provisions only

10



Dated:

MATHEW SHAW


Dated:

KAILA MWALE

4/28/23

Dated:

Aaron Clark
For escrow and confidentiality
provisions only
☐


**EXHIBIT A**


**RELEASE AGREEMENT☐**

**<u>EXHIBIT A</u>**


**<u>RELEASE AGREEMENT</u>**

## <u>RELEASE AGREEMENT</u>

This Release Agreement is made by and among Mathew Shaw and Brooke Shaw (referred to as the "Shaws"), on the one hand, and Julius Mwale and Kaila Mwale, (referred to as the "Mwales"), on the other (all parties referred to as "Parties").



1.    <u>Definitions</u>: For purposes of this Release Agreement, the following definitions shall apply:

      a.   The term "Shaws" shall refer to the Shaws each individually and any of their agents, successors, heirs, or assigns. The term "Shaws" shall refer to one or all Shaws as the case may be.

      b.   The term "Mwales" shall refer to the Mwales each individually, any of their agents, successors, heirs, assigns and any companies owned or operated by them (including those companies' officers, directors, employees or

vendors). The term "Mwales" shall refer to one or all Mwales as the case may be.

c.  The term "Parties" refers collectively to the Shaws and the Mwales, as defined in subsections 1(a) and 1(b) above.

d.  The term "Claims" is defined as any and all causes of action raised in the Proposed Action (as defined in the Loan Modification Agreement), as well as any causes of action, promissory notes, debts, suits, sums of money, accounts, liabilities, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, obligations, taxes, costs and expenses, claims, or demands whatsoever vis-à-vis any and all Parties, in law or equity, which the Parties might now have, own or hold, or at any time heretofore ever had, owned, or held, or could, shall, or may have, own, or hold, whatsoever against the other Parties, upon or by reason of any matter, cause or thing, act or omission, or circumstance whatsoever, or any other claims, asserted benefits, or rights arising by or under contract or implied contract, tort, negligence, statute, or other legal or equitable theory of recovery, whether known or unknown, at any time prior to the date of this Release Agreement.

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████

3.    <u>Releases</u>:

    a.  In consideration of the promises and covenants as set forth in this Release Agreement and the Related Agreements, and full performance of the obligations therein, the Shaws release and forever discharge the Mwales, individually and collectively, from any and all Claims as defined in this Agreement.





e. The Parties agree, to the extent permitted by law, that neither they nor anyone acting on their behalf will file any future charge or complaint nor institute any legal action or proceedings at law or in equity related to the Claims released in this Release Agreement against the other Parties with any Federal, state, or local agency. In the event any charge or complaint is filed, or any action related to the Claims released in this Release Agreement is pursued by a Party or on a Party's behalf by or before any Federal, state, or local agency or court, that Party hereby waives any right to any monies herein or damages from such action or proceeding. The Parties agree, to the extent permitted by law, not to assign any rights to bring such a charge or complaint to any person or entity.





5.    <u>Breach of this Release Agreement</u>: If any Party should, after the execution of this Release Agreement, make, pursue, prosecute, or threaten to make any Claim or allegation, or pursue or commence or threaten to commence any Claim, action, complaint or proceeding against the other Parties for or by reason of any cause, matter or thing whatsoever existing up to the present time, this Release Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint or proceeding. Moreover, should any Party violate any term of this Release Agreement, the other Parties shall be entitled to damages without altering or

diminishing the effectiveness of the release provisions provided in this Release Agreement. In the event that either party breaches any provision of the Release Agreement, the Parties agree that either may institute an action against the other to specifically enforce any term or terms of this Release Agreement and the prevailing party shall be entitled to recover reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees. The failure to deliver any documents required to be delivered under the Loan Modification Agreement, or to make any timely payments under the same, shall be considered a material breach of this Release Agreement. Nothing in this Paragraph 5 shall limit the Parties from enforcing their rights under this Release Agreement.



8.    <u>Jurisdiction:</u> The substantive laws of the State of New York shall govern the validity, construction, enforcement, and interpretation of this Agreement and exclusive venue for any dispute between the parties shall be brought in the United States District Court for the Southern District of New York. Nothing herein shall be construed as any of the Mwales consenting to personal jurisdiction in the State of Utah.





18

*Mathew Shaw*
Mathew Shaw (Apr 27, 2023 21:37 GMT+2)                             Dated: Apr 27, 2023
_____
MATHEW SHAW

*Brooke Shaw*
Brooke Shaw (Apr 27, 2023 20:52 GMT+2)                             Dated: Apr 27, 2023
_____
BROOKE SHAW


_____               Dated:
KAILA MWALE


_____               Dated:
JULIUS MWALE

20

MATHEW SHAW

Dated:

BROOKE SHAW

Dated:

KAILA MWALE

Dated: 4/28/23

JULIUS MWALE

Dated: 4/28/23

**EXHIBIT B**

**CONFIDENTIALITY AND NON-DISPARAGEMENT AGREEMENT**



















4



